UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
BOARD OF IMMIGRATION APPEALS
FALLS CHURCH, VIRGINIA

IN THE MATTER OF:

Warren Smith
A# 75-285-472

  Respondent,

IN REMOVAL PROCEEDINGS

## DEPARTMENT OPPOSITION TO RESPONDENT'S MOTION TO REOPEN OR RECONSIDER

The Department of Homeland Security ("Department"), by and through its undersigned counsel, respectfully states that it opposes the respondent's motion to reopen or reconsider for the following reasons:

The Department has received a copy from the Board of Immigration Appeals ("Board") of the 'Filing Receipt' for the respondent's motion to reopen or reconsider. The Department, however, has not received a copy of the motion itself from the respondent. I file this response without benefit of having the respondent's motion.

Motions to reopen are disfavored. See INS v. Doherty, 502 US 314 (1992). Additionally, motions to reopen are discretionary forms of relief, and the Immigration Judge and the Board of Immigration Appeals may deny a motion on discretion alone. See 8 C.F.R. §§ 3.2(a), 3.23(b)(3) (2000); see also Doherty at 323 (1992).

A motion to reopen removal proceedings after the completion of a merits hearing must be based on evidence that is material and was not available or could not have been discovered prior to the last hearing on the merits and must be accompanied by affidavits and other evidentiary material. See Immigration and Nationality Act § 240(c)(6)(B)(2003); 8 C.F.R. §§ 3.2(c)(1), 3.23(b)(3)(2003). The respondent has failed to provide such evidence.

Moreover, an alien who seeks to reopen proceedings must demonstrate prima facie eligibility for the type of relief requested. INS v. Abudu, 485 U.S. 94, 99 (1988); see INS v. Wang, 450 U.S. 139, 140-41 (1981)(per curium); Matter of Martinez-Romero, 18 I&N Dec. 75, 78 (BIA 1981), aff'd, 692 F.2d 595 (9th Cir. 1982).

The last motion the Department received from the respondent was the "Updated Motion To Reopen Order of Removal due to Exceptional Circumstances and Request for stay of Removal" dated May 24, 2001. On June 22, 2001 this Board issued its decision in relation to this motion. This order denied the respondent's motion for a couple of reasons. The motion was untimely filed pursuant to the previous 8 C.F.R. § 3.2(c)(2). If the motion was not untimely pursuant to 8 C.F.R. § 3.2(c)(3)(ii), this Board found that this exception did not apply to the respondent's case.

The respondent had claimed that he would be harmed upon his return to Jamaica based on his testimony in a criminal trial of a fellow Jamaican. This Board found that the respondent had not shown a reasonable likelihood of success on the merits so as to make it worthwhile to develop the issues further at a full evidentiary hearing. The Board also found the respondent had failed to provide evidence that he would be tortured pursuant to 8 C.F.R. 208.18 (2000). Accordingly, this Board denied the respondent's motion. If the present motion is based on the same or similar facts, the Department requests the Board again deny the respondent's motion. If the respondent's present motion is based on a completely different set of facts, the Department would request the board forward a copy of said motion and permit the Department additional time to respond.

WHEREFORE, the Department respectfully requests that the respondent's motion be denied.

Respectfully submitted,

Michael A. Mansfield
Assistant Chief Counsel
Department of Homeland Security
Krome Service Processing Center
18201 SW 12th Street
Miami, Florida  33194

## CERTIFICATE OF SERVICE

I certify that a copy of the Government's motion was served upon the respondent by regular mail addressed to: Warren Smith, 160 Elm Street, Greenfield, MA, 01301.

Michael A. Mansfield
Assistant Chief Counsel
Dated: September 8, 2004

**U.S. Department of Justice**  
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:  A75 285 472 - Miami

Date:  JUN 22 2001

In re: WARREN SMITH

IN REMOVAL PROCEEDINGS

MOTION

ON BEHALF OF RESPONDENT:    Pro se

ORDER:

PER CURIAM. The motion to reopen has been filed out of time and will be denied. The Board dismissed the respondent's appeal of an Immigration Judge's decision finding the respondent subject to removal and ineligible for voluntary departure, the only relief requested, on June 24, 1998. The respondent filed a motion to reopen on May 18, 2001. A motion to reopen in any case previously the subject of a final decision by the Board must be filed no later than 90 days after the date of that decision. *See* 8 C.F.R. § 3.2(c)(2). The time limitation does not apply, however, to a motion to reopen proceedings to apply or reapply for asylum, or withholding of deportation, based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the former hearing. 8 C.F.R. § 3.2(c)(3)(ii); *Matter of J-J-*, 21 I&N Dec. 976 (BIA 1997). The motion must state the new facts to be proved and must be supported by evidentiary material. *Id.* The alien must show a "reasonable likelihood of success on the merits so as to make it worthwhile to develop the issues further at a full evidentiary hearing." *Matter of A-N- & R-M-N-*, Interim Decision 3406 (BIA 1999). We find this exception inapplicable to the respondent's case.

In support of his motion, the respondent asserts that he will be harmed upon return to Jamaica, based on his testimony in the criminal trial of a fellow Jamaican in November, 2000. Despite the respondent's contention that his testimony would "threaten and jeopardize his life if he was to return to Jamaica", Respondent's Mot. at 4, the meager information presented does not indicate that the respondent now faces persecution upon return to Jamaica. Additionally, the respondent in his motion admits that he was convicted of a felony in August, 1999 (Respondent's Mot. at 2, 4). Given that the respondent has failed to submit copies of his conviction record, however, it is unclear whether his crime would be a bar to relief. To the extent that 8 C.F.R. § 3.2(c)(3)(ii) could act to excuse the lateness of a motion to reopen seeking relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (Convention Against Torture)[1], the respondent has failed to demonstrate that he would likely be tortured if

---

[1] Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, adopted and opened for signature Dec. 10, 1984, G.A. res. 39/46 (annex, 39 U.N. GAOR Supp. (No. 51) at 197), U.N. Doc. A/39/51 (1984) (entered into force June 26, 1987; for the United States
(continued...)

A75 285 472

returned to Jamaica. The respondent failed to provide any evidence indicating that he would be subject to torture by a public official or other person acting in an official capacity, as required under the Convention Against Torture. *See Matter of S-V-*, Interim Decision 3430 (BIA 2000) (finding an applicant for relief under the Convention Against Torture must establish that the torture feared would be inflicted by or with the acquiescence of a public official or other person acting in an official capacity; therefore, protection does not extend to persons who fear entities that a government is unable to control); 8 C.F.R. § 208.18(a)(7)(2000).

Accordingly, the motion is denied.

_____
FOR THE BOARD

---

[1] (...continued)
Apr. 18, 1988).

2