UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

-----------------------------------------------------X

WARREN SMITH,

          Plaintiff,

v.

FREDERICK MACDONALD,

          Respondent.

-----------------------------------------------------X

CA 04-30205-MAP

## AMENDED PETITION FOR A WRIT OF HABEAS CORPUS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF & RESPONSE TO REQUEST FOR MORE DEFINITE STATEMENT

PLAINTIFF by and through his undersigned counsel, hereby petitions this Honorable Court to issue a writ of habeas corpus to review his unlawful detention by the U.S. Citizenship & Immigration Service (USCIS, formerly the INS) and to enjoin his removal from the United States. Petitioner also files this action for declaratory and injunctive relief to protect his rights under both the Due Process Clause of the Fifth Amendment to the Constitution and applicable federal law. In support of this petition, Petitioner alleges as follows:

### CUSTODY

1. Plaintiff is in the custody of the USCIS at the Franklin County Correctional Center located at 160 Elm Street, in Greenfield, Massachusetts 01301.

### EXHAUSTION

2. Plaintiff has exhausted his administrative and state court remedies with regard to his continued detention. No petition for a writ of habeas corpus, or any other request for judicial review, has previously been filed in any court to review the detention and restraint complained of herein.

## JURISDICTION

3.  This action arises under the Constitution, the Immigration and Nationality Act of 1952, as amended (the INA), 8 USC §1101 *et. seq.*, and the Administrative Procedure Act (the APA), 5 USC *et. seq.* This Court has habeas corpus jurisdiction pursuant to 28 USC §2241 *et. seq.*; *Henderson v. Reno*, 157 F.3d 106 (2d Cir. 1998) *cert. den. sub. nom. Reno v. Navas*, March 8, 1999; Art. I, §9, Cl. 2 of the United States Constitution (the Suspense Clause); and the common law. This Court may also exercise jurisdiction pursuant to 28 USC §1331, 28 USC §2241 and may grant relief pursuant to the Declaratory Judgment Act, 28 USC §2201 *et. seq.*, and the All Writs Act, 28 USC §1651. Finally, this Court has mandamus jurisdiction pursuant to 28 USC §1361.

## VENUE

4.  Venue lies in the United States District Court, for the District of Massachusetts, the judicial district where the plaintiff is detained. 28 USC §2241 *et. seq.* and 28 USC §1391.

## PARTIES

5.  Plaintiff is a thirty-one year-old, native citizen of Jamaica, who first entered the United States with a valid B-2 visitor visa in June of 1996. He has been detained at the Franklin County facility since March of 1999.

6.  The Respondent, Frederick MacDonald, is the sheriff of the Franklin County jail in Greenfield, Massachusetts. As such, and under agreement with USCIS, Sheriff MacDonald and the Greenfield facility has taken custody of many individuals and held them on behalf of USCIS.

## FACTS

7.  Plaintiff is a thirty-one-year-old native and citizen of Jamaica. He was lawfully admitted to the U.S. in June of 1996 under a B-2 tourist/visitor visa. He as not left the U.S. since this entry. He is not married and does not yet have children. His mother and father are not U.S. citizens.

8.  According to court documentation, he was convicted on August 27, 1999 of unlawful possession of a firearm, M.G.L. c. 269 §10(a), and received an eighteen-month sentence to the House

2

of Corrections.

9. Since he was originally held on bail on this matter, in March of 1999, to the present date, he has continued to remain in custody at the Franklin County facility.

10. He did provide testimony on behalf on the Commonwealth of Massachusetts at a murder trial, at or about the same time that he was held on state charges. According to officers, detectives, and prosecutors, plaintiff's testimony was essential in assisting the Commonwealth to obtain a conviction in this matter.

11. Plaintiff's participation as a state witness, and the serving of his eighteen month sentence to the House of Corrections ended several years ago. There is no basis to believe that plaintiff continues to remain in state custody.

12. Plaintiff testified against a former member of the Jamaican police force in the Massachusetts murder trial. The Jamaican police force is rampant with corruption, and is known to act in concert with government officials for illegitimate, oppressive and illegal purposes. Since testifying as a state witness, plaintiff has been harassed, threatened and intimidated, and does fear for his personal safety if he were to return to Jamaica.

13. Plaintiff plans on filing/has filed for asylum and under the Article 3 of The United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (the Convention Against Torture or Convention) with the USCIS in order to prevent his removal and deportation to Jamaica.

## RIGHT TO JUDICIAL INTERVENTION

14. The basis for this Court's habeas jurisdiction to review the Petitioner's claim is contained in 28 USC §2241, the general grant of habeas jurisdiction bestowed on the federal district courts, which neither the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), *Henderson v. INS*, 157 F.3d 106 (2d Cir. 1998) *cert. den. sub nom. Reno v. Navas*, March 8, 1999, nor the IIRAIRA eliminated or amended.

15.  The Petitioner is also entitled to have his detention reviewed under the common law and as a matter of constitutional right. The Writ of Habeas Corpus is guaranteed by the Constitution and cannot be suspended except where "in Cases of Rebellion or Invasion the Public Safety may require it." U.S. constitution, Art. I, §9, Cl. 2(Suspension Clause).

16.  In the present action, the petitioner asserts that his detention by the Respondent is in violation of the Constitution, the INA, and the APA.

## COUNT ONE

(Substantive Due Process Violation)

17.  The allegations contained in paragraphs 1 through 16 above are repeated and re-alleged as though fully set forth herein.

18.  As a noncitizen, plaintiff is protected by every clause of the United States Constitution that is not expressly reserved to citizens. This protection includes the Fifth Amendment. The Respondent is detaining plaintiff without affording him an opportunity to demonstrate his suitability for release by showing that he is not a danger to others, or a risk to abscond.

19.  Moreover, under Zadvydas v. Davis, 533 U.S. 678 (2001), where the detainee has been held for more than six months, and where there is no likelihood that the detainee would be removed in the foreseeable future, there is a presumption in favor of releasing the detainee. Zadvydas v. Davis, 533 U.S. 678 (2001).

20.  As far as state court records indicate, Plaintiff served an eighteen-month prison sentence beginning on August 27, 1999, receiving credit for time served beginning on April 30, 1999. His period of state custody should have ended on October 30, 2000. Counsel has been informed that a final order of deportation has been issued, and that plaintiff is held on a USCIS detainer, though counsel has yet to receive the results of a Freedom of Information Act Request (FOIA).

21. Detention that is mandatory without possibility of release interferes with rights implicit in the concept of ordered liberty and shocks the conscience. Hence, the Respondent's conduct is unconstitutional because it violates plaintiff's substantive due process guaranteed by the Due Process Clause of the Fifth Amendment.

### COUNT TWO

(Procedural Due Process Violation)

22. The allegations contained in paragraphs 1 through 21 above are repeated and re-alleged as though fully set forth herein.

23. Because plaintiff could still demonstrate his suitability for release if he were given the opportunity, the Respondent's conduct is unfair. If deprives plaintiff of the right to present evidence on his behalf. Consequently, the Respondent's conduct violates plaintiff's procedural due process which is guaranteed by the Due Process Clause of the Fifth Amendment.

### IRREPARABLE HARM

24. The Respondent's conduct is depriving plaintiff of his liberty without providing his due process of law. The deprivation of his liberty is, in and of itself, irreparable harm.

### PRAYER FOR RELIEF

**WHEREFORE**, the Petitioner prays this Honorable Court to grant the following relief:

(1) (a) Issue a writ of habeas corpus, directed to the Respondent, ordering him to release immediately on his own recognizance or on a reasonable bond or ordering an Immigration Judge to hold a bond hearing; or

(b) Issue an Order declaring that the Respondent's conduct is unconstitutional and illegal for the following reasons:

(1) because it violates the Petitioner's substantive due process rights under the Due Process Clause of the Fifth Amendment to the United States Constitution;

(2) because it violates the Petitioner's procedural due process rights

under the Due Process Clause of the Fifth Amendment to the U.S. Constitution;

    (2)    Grant any other and further relief that this Honorable Court may deem fit and proper.

Dated: Springfield, Massachusetts

    May 5, 2005

Respectfully submitted,

By:

Andrew P. Gilbert, Esq.
1188 Parker Street, Suite 10
Springfield, MA 01129

## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of the same in an envelope bearing sufficient postage for the delivery:

Thomas J. O'Connor, Jr.
United States Attorney's Office
1550 Main Street
Springfield, MA 01103

Dated: May 8, 2005

Andrew P. Gilbert, Esq.

## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of the same in an envelope bearing sufficient postage for the delivery:

Immigration & Customs Enforcement
Department of Homeland Security
Attn: Frank Crowley
PO Box 8728
JFK Station
Boston, MA 02114

Dated: May 8, 2005

_____
Andrew P. Gilbert, Esq.