UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WARREN SMITH, | ) |
| | ) |
| Petitioner, | ) |
| | ) Civil Action No. |
| v. | ) 04-30205-MAP |
| | ) |
| FREDERICK MACDONALD, | ) |
| | ) |
| Respondent. | ) |

**UNITED STATES' MOTION TO TRANSFER, IN PART, AND DISMISS, IN PART, PETITIONER'S AMENDED PETITION FOR HABEAS CORPUS**

The United States[1] hereby submits the following motion in response to the petitioner's Amended Petition for a Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief & Response To Request for More Definite Statement, whereby the government moves this Court (1) to transfer that portion of the petitioner's claim challenging his order of removal to the Eleventh Circuit Court of Appeals in accordance with Section 106(c) of the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231 ("RIDA"), which directs that any habeas claim challenging the validity of an order of removal pending on the date of enactment shall be transferred to the court of appeals; (2) dismiss the petitioner's challenge to his detention under Zadvydas v. Davis, 533 U.S. 678 (2001), because he is not being

---

[1] The United States is providing this response pursuant to 28 U.S.C. § 517, which permits the Department of Justice to attend to the interests of the United States even when it or its agencies are not named as a party.

held in the custody of the United States or any of its agencies and because Immigration and Customs Enforcement of the Department of Homeland Security is ready, willing, and able to effect his removal to his country of origin; and (3) dismiss petitioner's challenge to his detention because he has failed to properly effect service on the named respondent, Frederick MacDonald, Franklin County Sheriff. As grounds for this motion, the government states as follows.

**ARGUMENT**

I. **THE DISTRICT COURT LACKS SUBJECT MATTER JURISDICTION OVER PETITIONER'S CLAIMS AND EXCLUSIVE JURISDICTION EXISTS IN THE ELEVENTH CIRCUIT COURT OF APPEALS.**

The petitioner, Warren Smith, has filed a habeas corpus petition challenging, among other things, a final order of removal issued by an immigration judge. On May 11, 2005, the President signed into law the RIDA, which, among other things, amends certain provisions of the Immigration and Nationality Act ("INA"). Section 106(a) of the RIDA explicitly and unequivocally eliminates habeas jurisdiction in the district courts over any challenge to the validity of a removal order. Specifically, Section 106(a)(2) of the RIDA, amends 8 U.S.C. §1252(9) to provide:

> CONSOLIDATION OF QUESTIONS FOR JUDICIAL REVIEW—
> Judicial review of all questions of law and fact,
> including interpretation and application of

2

> constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this title shall be available only in judicial review of a final order under this section. *Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of title 28, United States Code, or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.*

Id. (amendments italicized). Section 106(a)(3) of the RIDA further amends 8 U.S.C. § 1252(g) to provide:

> EXCLUSIVE JURISDICTION.--Except as provided in this section and *notwithstanding any other provision of law (statutory or nonstatutory) including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title,* no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act.

Id. (amendments italicized).

Congress also amended the judicial review provisions of the INA to provide that jurisdiction to review any and all removal orders lies exclusively in the United States Circuit Courts of Appeals. Section 106(a)(1)(B) of the RIDA creates a new INA section 242(a)(5), 8 U.S.C. § 1252(a)(5), which provides:

> (5) EXCLUSIVE MEANS OF REVIEW- Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361

> and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e). For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms `judicial review' and `jurisdiction to review' include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

Id.

These amendments became effective on the date of enactment, May 11, 2005. Section 106(b) of the RIDA provides:

> EFFECTIVE DATE.- The amendments made by subsection [RIDA 106] (a) shall take effect upon the date of enactment of this division and shall apply to cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of enactment of this division.

Id.

These amendments provide that only the court of appeals has subject matter jurisdiction respecting "all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States," and respecting "any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders

4

against any alien under this [INA]." See INA sections 242(b)(9) and 242(g), codified at 8 U.S.C. §1252(b)(9) and (g), respectively, as amended by the RIDA.[2]

To effectuate the changed judicial review provisions, Section 106(c) of the RIDA provides that habeas corpus actions challenging the validity of any order of removal pending on May 11, 2005, the date of the RIDA enactment, shall be transferred to the appropriate court of appeals.

> If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note). The court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review under such section 242, except that subsection (b)(1) of such section shall not apply.[3]

---

[2] Congress may constitutionally provide a substitute avenue of appeal. See INS v. St. Cyr, 533 U.S. 289, 314 n.38 (2001) ("Congress could without raising any constitutional questions, provide an adequate substitute [to section 2241] through the courts of appeal."); see also Swain v. Pressley, 430 U.S. 373, 381 (1977) ("[T]he substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention" does not violate the Suspension Clause).

[3] INA section 242(b)(1), 8 U.S.C. § 1252(b)(1), is the requirement that judicial review petitions to the circuit courts be filed

<u>Id</u>.

This action challenges the validity of Smith's order of removal and was pending on May 11, 2005. Smith was ordered removed by an Immigration Judge in Miami, Florida, in 1997. This case, therefore, should be transferred to the Eleventh Circuit Court of Appeals to the extent that the petitioner challenges his order of removal.

**II.   THE PETITIONER'S REQUEST FOR RELEASE FROM CUSTODY SHOULD BE DISMISSED BECAUSE THE PETITIONER PRESENTLY IS IN STATE CUSTODY AND HIS PETITION HAS NOT BEEN SERVED ON THE APPROPRIATE STATE AUTHORITIES.**

The petitioner presently is being held in the Franklin County Jail, which is administered by the named Respondent, Frederick MacDonald, who is the Franklin County Sheriff. Thus, the petitioner has properly named Sheriff MacDonald as the Respondent in his amended petition for habeas corpus, but he has erroneously served his amended petition only on the United States, through the United States Attorney's Office in Springfield, Massachusetts, and Immigration and Customs Enforcement of the Department of Homeland Security, through its counsel stationed in Boston, Massachusetts. For that reason, his

---

within 30 days of the date of a final order of removal. Thus, habeas cases transferred to the circuit court under RIDA section 106(c) are forgiven what otherwise could be a statutory jurisdictional time bar in most cases.

6

request for release from custody should be dismissed because, as it presently stands, it fails to state a claim for which relief can be granted as to the United States and its agencies, the only parties served by the petitioner.

A.  Background.

On or about September 4, 1997, an Immigration Judge in Miami, Florida, ordered the petitioner deported as a B-2 overstay. ICE took the petitioner into custody pursuant to a final order of removal. The petitioner began cooperating with the FBI, and, as a result, ICE release him on bond. In 1999, the petitioner was convicted of a firearm offense in the Commonwealth of Massachusetts and served an 18 month term of incarceration. The FBI terminated him as a cooperator. ICE assumed custody of the petitioner again in the summer of 2000.

In September, 2000, the Hampden County District Attorney's Office obtained an Order of Remand from Justice Sweeney of the Hampden Superior Court Department of the Trial Court of the Commonwealth of Massachusetts, remanding the petitioner to the custody of the Sheriff of the Franklin County House of Correction as a material witness in the trial of a murder case in the Hampden County Superior Court captioned Commonwealth v. Julian Thompson, Docket No. 99-2508. A copy of the Order of Remand is attached hereto as Exhibit A. A subsequent Order of Remand was

issued by Superior Court Justice McDonald and is attached hereto as Exhibit B. ICE relinquished custody of the petitioner to the state authorities and submitted an Immigration Detainer to hold the petitioner upon his release from state custody, a copy of which is attached as Exhibit C.

The petitioner testified at the murder trial, and the defendant in that case, a former Jamaican police officer, ultimately was convicted. Following his testimony, the petitioner was remanded to the Franklin County Jail pursuant to the existing Order of Remand and has been held there under that authority since that time. [Declaration of David Lanoie, Superintendent, Franklin County Jail, ¶ 2, attached hereto as Exhibit D].

At or around the time the petitioner testified on behalf of the Commonwealth, state and federal authorities were pursuing potential avenues of relief from deportation and removal for the petitioner out of a concern for his safety if he were returned to Jamaica. The petitioner had expressed to them a credible concern that the defendant in the murder trial had friends on the Jamaican police force who had threatened the petitioner with reprisal upon his return to that country due to his cooperation in the prosecution of their former associate. Ultimately, those authorities discontinued their efforts.

B.  Grounds for Dismissal.

As a basis for his claim against the United States, the petitioner asserts, incorrectly, that he presently is in the custody of the U.S. Citizenship & Immigration Service. [Amended Petition, ¶ 1]. As is noted above, the petitioner presently is being held pursuant to an Order of Remand issued by a Justice of the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts.  If he were to be released from state custody, the petitioner then would be held pursuant to the detainer lodged by ICE.  Under those circumstances, ICE would be afforded a reasonable time to affect the removal of the petitioner before he would be entitled to relief from ICE custody under the principles established in that case.  Zadvydas, 533 U.S. at 689.  Accordingly, the petitioner's present challenge to his continuing detention should be dismissed because it was served on the United States when it should have been served upon the appropriate state authorities.

## CONCLUSION

For the foregoing reasons, the United States requests that the portion of the petitioner's claim that challenges his removal be transferred to the Eleventh Circuit Court of Appeals and that the portion that challenges his detention be dismissed.

9

```
                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                         By:  /s/ Thomas J. O'Connor, Jr.
                              Thomas J. O'Connor, Jr.
                              Assistant U.S. Attorney
```

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

```
        Andrew P. Gilbert, Esq.
        1188 Parker Street, Suite 10
        Springfield, MA 01129
```

This 5th day of July, 2005.

```
                              /s/ Thomas J. O'Connor, Jr.
                              Thomas J. O'Connor, Jr.
                              ASSISTANT UNITED STATES ATTORNEY
```

10

COMMONWEALTH OF MASSACHUSETTS

Hampden, SS.                           Hampden Superior Court
                                       Department of the Trial Court
                                          No.  99-2508


COMMONWEALTH

VS.

JULIAN THOMPSON
Material Witness : WARREN SMITH

HAMPDEN COUNTY
SUPERIOR COURT
**FILED**
SEP 19 2000

*[signature]*
CLERK-MAGISTRATE

### ORDER OF REMAND

It is hereby ORDERED that WARREN SMITH, WITNESS be remanded into the custody of the Sheriff of the FRANKLIN COUNTY HOUSE OF CORRECTION until Trial, on October 2, 2000.


By the court ( Sweeney , J.)

*[signature: Patricia Moriarty]*
Deputy Assistant Clerk

Entered: September 19, 2000


A true copy.

Attest:
*[signature: Patricia Moriarty]*
Deputy Assistant Clerk


EXHIBIT A

# COMMONWEALTH OF MASSACHUSETTS

Hampden, ss.                     Superior Court
                                 Department of the Trial Court
                                 Court No. 99-2508

Commonwealth

vs.

Julian Thompson
Material Witness: Warren Smith

HAMPDEN COUNTY
SUPERIOR COURT
**FILED**
OCT - 2 2000

CLERK-MAGISTRATE

### ORDER OF REMAND

It is hereby ORDERED that Warren Smith, Witness be remanded into the custody of the Sheriff of the Franklin County House of Correction until Trial, on October 23, 2000.

By the Court (McDonald, J)

Deputy Assistant Clerk

Entered: October 2, 2000

A true copy.

Attest:

Assistant Clerk

EXHIBIT B

U.S. Department of Justice
Immigration and Naturalization Service

**Immigration Detainer - Notice of Action**

| File No. | A75 285 472 |
|---|---|
| Date: | September 15, 2000 |

To: (Name and title of institution)
Springfield District Court
and/or MA DOC
Attn: ADA Dineen

From: (INS office address)
USINS                (860) 240-3012
Deportation Section
450 Main Street
Hartford, CT 06103

Name of alien: SMITH, Warren          Inmate # 265143
Date of birth: 06/06/73    Nationality: Jamaica    Sex: Male

You are advised that the action noted below has been taken by the Immigration and Naturalization Service concerning the above-named inmate of your institution:

☐ Investigation has been initiated to determine whether this person is subject to removal from the United States.
☐ A Notice to Appear or other charging document initiating removal proceedings, a copy of which is attached, was served on _____ (Date)
☐ A warrant of arrest in removal proceedings, a copy of which is attached, was served on _____ (Date)
☒ Deportation or removal from the United States has been ordered.

**It is requested that you:**

Please accept this notice as a detainer. This is for notification purposes only and does not limit your discretion in any decision affecting the offender's classification, work and quarters assignments, or other treatment which he or she would otherwise receive.

☒ Federal regulations (8 CFR 287.7) require that you detain the alien for a period not to exceed 48 hours (excluding Saturdays, Sundays and Federal holidays) to provide adequate time for INS to assume custody of the alien. You may notify INS by calling (860) 240-3012 during business hours or _____ after hours in an emergency.

☒ Please complete and sign the bottom block of the duplicate of this form and return it to this office. ☐ A self-addressed stamped envelope is enclosed for your convenience. ☒ Please return a signed copy via facsimile to (860) 240-3488 (Area code and facsimile number)
Return fax to the attention of __Deportation Section__, at (860) 240-3012
                              (Name of INS officer handling case)   (Area code and phone number)

☒ Notify this office of the time of release at least 30 days prior to release or as far in advance as possible.
☒ Notify this office in the event of the inmate's death or transfer to another institution.
☐ Please cancel the detainer previously placed by this Service on _____.

_____                    _____District Director_____
STEVEN J. FARQUHARSON                                       (Title of INS official)

Receipt acknowledged:

Date of latest conviction: _____    Latest conviction charge: _____
Estimated release date: _____
Signature and title of official: _____

Form I-247 (Rev. 4-1-97) N

EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WARREN SMITH, | ) |
| Petitioner, | ) ) ) |
| v. | ) Civil Action No. ) 04-30205-MAP |
| FREDERICK MACDONALD, | ) ) ) |
| Respondent. | ) |

**DECLARATION OF DAVID A. LANOIE,
CHIEF OF STAFF, FRANKLIN COUNTY SHERIFF'S OFFICE**

I, David A. Lanoie, to the best of my information and belief hereby declare the following under the pains and penalties of perjury:

1. I am the Chief of Staff of the Franklin County Sheriff's Office, which is responsible for operating the Franklin County Jail and House of Correction.

2. I have reviewed the records pertaining to Warren Smith, who is held at the Franklin County Jail and House of Correction, and have determined that he presently is being held in the custody of the Commonwealth of Massachusetts pursuant to an Order of Remand issued on October 2, 2000, by Hon. C. Brian McDonald of the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts.

3. The former Immigration and Naturalization Service has lodged an Immigration Detainer against Warren Smith at the Franklin County Jail and House of Correction, and its successor

EXHIBIT D

agency, Immigration and Customs Enforcement, will take custody of Mr. Smith immediately should the present Order of Remand be vacated.

Signed this 5th day of July, 2005.

David A. Lanoie
Chief of Staff
Franklin County Sheriff's Office
160 Elm Street
Greenfield, MA 01301